# IN THE UNITED STATED DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEISHA CAPPEL, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF TAMIKA JONES, DECEASED ALFONSO JONES, AN INDIVIDUAL<br>Plaintiffs<br><br>vs.<br><br>ASTON TOWNSHIP FIRE DEPARTMENT A PENNSYLVANIA LOCAL GOVERNMENT ENTITY; TOWNSHIP OF ASTON A PENNSYLVANIA MUNICIPALITY DELA WARE COUNTY PENNSYLVANIA A GOVERNMENT ENTITY; PROSPECT CROZER, LLC trading as CROZER HEAL TH trading as CROZER CHESTER MEDICAL CENTER; PROSPECT CCMC, LLC trading as CROZER HEALTH trading as CROZER CHESTER MEDICAL CENTER; CHIEF MICHAEL EVANS; KENNY DAWSON; EOIN MARSHALL; AARON KISELA; THOMAS MORGAN, SR., SEAN JOYCE, TIM BOYCE, JOHN DOES 1-25, individual.<br>Defendants | CIVIL ACTION NO. 2:23-cv-00155-JFM<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES OF PROSPECT CROZER, LLC T/A CROZER HEALTH AND ALSO T/A CROZER CHESTER MEDICAL CENTER AND PROSPECT CCMC, LLC T/A CROZER HEALTH AND ALSO T/A CROZER CHESTER MEDICAL CENTER

**AND NOW**, comes Defendants, Prospect Crozer, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center and Prospect CCMC, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center by and through its undersigned counsel, and submits this Answer and Affirmative Defenses to the Second Amended Complaint of Plaintiff, Keisha Cappel, Individually and as Personal Representative of the Estate of Tamika Jones, Deceased, Alfonso Jones, an

Individual ("Plaintiffs"). Prospect Crozer, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center and Prospect CCMC, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center denies any liability to the Plaintiffs and demands the entry of judgment in its favor on all claims raised in this action. In support of its Answer and Affirmative Defenses Prospect Crozer, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center and Prospect CCMC, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center avers as follows:

## JURISDICTION AND VENUE

1. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

## PARTIES

2. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

3. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

4. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

5. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

6. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

7. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

8. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

9. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

10. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

11. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same

12. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

13. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

14.-15. Admitted in part; denied in part. It is admitted only that Prospect Crozer, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center and Prospect CCMC, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania and that it has a place of business at 100 West Sproul Road, Springfield, PA. The remaining allegations are denied, Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in these paragraphs and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

16. Admitted. Brian Doherty was an ALS level paramedic who was employed by Answering Defendants during the time period at issue.

17. Denied. It is specifically denied that Answering Defendants contracted with Astron Township to provide ALS medic to ATFD. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

18. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

19. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

20. Admitted in part; denied in part. It is admitted only that Brian Doherty was an ALS level paramedic who was employed by Answering Defendants during the time period at issue. The remaining allegations are denied, Answering Defendants are without knowledge or

sufficient information to admit or deny the allegations in these paragraphs and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

21. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in this paragraph and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

### Factual Allegations

### Aston Township Fire Department

22-30. Denied It is specifically denied that Answering Defendants contracted with Astron Township to provide ALS medic to ATFD. Answering Defendants denies that they were negligent. Answering Defendants acted within the applicable standard of care at all times. Answering Defendants are without knowledge or sufficient information to admit or deny the remaining allegations in these paragraphs and, consequently, denies the remaining allegations and calls upon Plaintiff to prove the same.

### EMT-Bs MARSHALL AND KISELA ARRIVE BUT REFUSE TO PROVIDE MEDIAL CARE TO TAMIKA

31-63. Denied Answering Defendants denies that they were negligent. Answering Defendants acted within the applicable standard of care at all times. Answering Defendants are without knowledge or sufficient information to admit or deny the remaining allegations in these paragraphs and, consequently, denies the remaining allegations and calls upon Plaintiff to prove the same.

## FIRST CLAIM FOR RELIEF

## Civil Right Claim-14th Amendment-42 U.S.C. § 1983

**(Against Defendants Eion Marshall and Aaron Kiesla in their individual capacities)**

64. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 63 as though the same were fully set forth at length herein.

65-69. (inclusive of all subparts) Denied. This Count was dismissed by Order of the Court dated September 19, 2023. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in these paragraphs and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

**WHEREFORE**, Answering Defendants demand judgment on their behalf and that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate.

## SECOND CLAIM FOR RELIEF

## Civil Right Claim-14th Amendment-42 U.S.C. § 1983

## Monell Claims

**(Against Aston Township, and ATFD only)**

70. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 69 as though the same were fully set forth at length herein.

71-75. (inclusive of all subparts) Denied. This Count was dismissed by Order of the Court dated September 19, 2023. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in these paragraphs and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

**WHEREFORE**, Answering Defendants demands judgment on their behalf and that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate.

### THIRD CLAIM FOR RELIEF

### Civil Right Claim-14th Amendment-42 U.S.C. § 1983

### Supervisor Liability

### (Against the three individual members of Aston Township's Fire Committee – Joe McGinn Jr., Nancy Bowden and Les Barry -- the Medical Director (Doe #1), as well as defendants Evans, Dawson, Morgan, and Joyce)

76. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 75 as though the same were fully set forth at length herein.

77-83. (inclusive of all subparts) Denied. This Count was dismissed by Order of the Court dated September 19, 2023. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in these paragraphs and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

**WHEREFORE**, Answering Defendants demands judgment on their behalf and that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate.

### FOURTH CLAIM FOR RELIEF

### Title II of the Americans with Disabilities Act -- 42 USC § 12131 et seq.
### (by Plaintiffs against Defendants, Aston and ATFD)

84. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 83 as though the same were fully set forth at length herein.

85-96. (inclusive of all subparts) Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in these paragraphs and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

## FIFTH CLAIM FOR RELIEF

### Section 504 of the Rehabilitation Act of 1973
### (by Plaintiffs against Defendants Aston and ATFD)

97. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 96 as though the same were fully set forth at length herein.

98-104. Denied. Answering Defendants are without knowledge or sufficient information to admit or deny the allegations in these paragraphs and, consequently, denies the allegations and calls upon Plaintiffs to prove the same.

## SIXTH CLAIM FOR RELIEF

### Gross Negligence/Reckless Misconduct

**(Against Crozer, the three individual members of Aston Township's Fire Committee (Joe McGinn Jr., Nancy Bowden and Les Berry), the Medical Director (Doe #1), Evans, Dawson, Morgan, Joyce, Marshall and Kisela)**

105 Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 104 as though the same were fully set forth at length herein.

106-109. (inclusive of all subparts) Denied. Answering Defendants specifically denies that they were negligent at any time. Additionally, all allegations of gross, willful, wanton, and reckless actions are specifically denied. To the contrary, Answering Defendants acted within the applicable standard of care at all times. By way of further response any allegations regarding unidentified agents, servants, workmen are denied as unreasonably vague. As to any and all allegations of alleged damages and injuries, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of these allegations and they are, therefore, denied. The remaining allegations are denied.

**WHEREFORE**, Answering Defendants demands judgment on their behalf and that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate.

## SEVENTH CLAIM FOR RELIEF

### Gross Negligence/Lost of Chance

**(Against Crozer, three individual members of Aston Township's Fire Committee, the Medical Director (Doe #1) Evens, Dawson, Morgan, and Joyce, Boyce, Marshall, and Kisela)**

110. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 109 as though the same were fully set forth at length herein.

111-114. Denied. Answering Defendants specifically denies that they were negligent at any time. Additionally, all allegations of gross, willful, wanton, and reckless actions are specifically denied. To the contrary, Answering Defendants acted within the applicable standard of care at all times. By way of further response any allegations regarding unidentified agents, servants, workmen are denied as unreasonably vague. As to any and all allegations of alleged damages and injuries, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of these allegations and they are, therefore, denied. The remaining allegations are denied.

**WHEREFORE**, Answering Defendants demands judgment on their behalf and that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate.

## EIGTH CLAIM FOR RELIEF

### Intentional or Negligent Infliction of Emotional Distress

**(Against Crozer, the three individual members of Aston Township's Fire Committee (Joe McGinn Jr., Nancy Bowden and Les Berry), the Medical Director (Doe #1), Evans, Dawson, Morgan, Joyce, , Marshall and Kisela)**

115. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 114 as though the same were fully set forth at length herein.

116-118. (inclusive of all subparts) Denied. Answering Defendants specifically denies that they were negligent at any time. Additionally, all allegations of gross, willful, wanton, and reckless actions are specifically denied. To the contrary, Answering Defendants acted within the applicable standard of care at all times. By way of further response any allegations regarding unidentified agents, servants, workmen are denied as unreasonably vague. As to any and all allegations of alleged damages and injuries, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of these allegations and they are, therefore, denied. The remaining allegations are denied.

**WHEREFORE**, Answering Defendants demands judgment on their behalf and that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate.

## NINTH CLAIM FOR RELIEF

### Wrongful Death-42 Pa.C.S.A. Section 8301

**(Against Crozer, the three individual members of Aston Township's Fire Committee (Joe McGinn Jr., Nancy Bowden and Les Berry), the Medical Director (Doe #1), Evans, Dawson, Morgan, Joyce, Marshall and Kisela)**

119. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 118 as though the same were fully set forth at length herein.

120-121. Denied. Answering Defendants specifically denies that they were negligent at any time. Additionally, all allegations of gross, willful, wanton, and reckless actions are specifically denied. To the contrary, Answering Defendants acted within the applicable standard of care at all times. By way of further response any allegations regarding unidentified agents, servants, workmen are denied as unreasonably vague. As to any and all allegations of alleged damages and injuries, Answering Defendants are without sufficient information to form a belief

as to the truth or falsity of these allegations and they are, therefore, denied. The remaining allegations are denied.

**WHEREFORE**, Answering Defendants demands judgment on their behalf and that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate

## TENTH CLAIM FOR RELIEF

### Survival Action-42 Pa.C.S.A. Section 8302

**(Against Crozer, the three individual members of Aston Township's Fire Committee (Joe McGinn Jr., Nancy Bowden and Les Berry), the Medical Director (Doe #1), Evans, Dawson, Morgan, Joyce, Marshall and Kisela)**

122. Answering Defendants incorporate by reference herein the responses contained in paragraphs 1 through 121 as though the same were fully set forth at length herein.

123-125. (inclusive of all subparts) Denied. Answering Defendants specifically denies that they were negligent at any time. Additionally, all allegations of gross, willful, wanton, and reckless actions are specifically denied. To the contrary, Answering Defendants acted within the applicable standard of care at all times. By way of further response any allegations regarding unidentified agents, servants, workmen are denied as unreasonably vague. As to any and all allegations of alleged damages and injuries, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of these allegations and they are, therefore, denied. The remaining allegations are denied.

**WHEREFORE**, Answering Defendants demands judgment on their behalf and that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate

## PREAMBLE TO AFFIRMATIVE DEFENSES

Defendants Prospect Crozer, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center and Prospect CCMC, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center, reserves the right, upon completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counterclaims, cross claims and/or third-party Complaints as may be appropriate.

## AFFIRMATIVE DEFENSES

126. Answering Defendants incorporate the answers to the preceding paragraphs above as if set forth fully at length herein.

127. Plaintiffs' Claims are barred by May 6, 2020 Order of the Governor of the Commonwealth to Enhance Protections for Health Care Professionals.

128. Plaintiffs' Claims are barred by Pennsylvania Emergency Medical Services Act. 35 P.S. § 6931(j)(2).

129. Plaintiffs' Claims are barred by Emergency Medical Treatment & Labor Act, 42 U.S.C. § 1395dd.

92. At all times material hereto and to the extent applicable, Answering Defendants Prospect Crozer, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center and Prospect CCMC, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center acted in accordance with the applicable standards of care.

93. No act or omission of Answering Defendants is a possible cause of Plaintiff's alleged injuries and/or damages.

94. There existed no privity between Answering Defendants and Plaintiff's Decedent.

95. In accordance with section 602 of the Healthcare Services and Malpractice Act, plaintiff shall have no right to recover for any amount that is paid by a public collateral source of compensation or benefits.

96. Plaintiffs' claims for medical expenses, which may have been paid by a third party, including an insurance carrier or governmental reimbursement entity, is barred pursuant to section 602 of the Healthcare Services Malpractice Act.

97. Plaintiffs' injuries, if any, were caused by persons and/or entities over which Answering Defendant had no control or right of control.

98. Any acts or omissions of any alleged agents, servants, or employees of Answering Defendants alleges to constitute negligence and vicarious liability were not substantial cause or factors of the subject incident and did not results in the injuries and losses alleged by Plaintiffs.

99. All or part of House Bill No. 2210 Session of 1995, as amended November 20, 1996 (otherwise known as Act 135) and the Medical Care Availability and Reduction of Error Act, House Bill No. 1802 Session of 2001, may apply to this case and could limit or extinguish Plaintiff's claims.

100. Plaintiffs' claims are barred and/or limited pursuant to the provisions of the Health Care Services Malpractice Act, 40 P.S. § 1301.101 et. seq. and MCARE 40 P.S. § 1303.101 et. seq.

**WHEREFORE**, Defendants Prospect Crozer, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center and Prospect CCMC, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center, respectfully request that the Court:

A. Dismiss all counts asserted against Answering Defendants in the Second Amended Complaint with prejudice;

B. Enter Judgment in favor of Answering Defendants on all counts asserted against Answering Defendant in the Complaint; and

C. Award Answering Defendants all such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Answering Defendants hereby demand a trial by jury. Said jury to consist of twelve jurors.

**WHEREFORE**, Answering Defendants demands judgment on their behalf and that Plaintiffs' Complaint be dismissed with prejudice and that the court grant such other relief as it deems appropriate.

**Eckert Seamans Cherin & Mellott, LLC**

BY: _____
DONALD J. BROOKS, JR., ESQUIRE/#54114
ANDREW J. BOND, ESQUIRE/#322764
Two Liberty Place
50 S. 16th Street, 22nd Floor
Philadelphia, PA 19102
215-851-8400
dbrooks@eckertseamans.com
abond@eckertseamans.com
Attorney for Defendants, *Prospect Crozer, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center and Prospect CCMC, LLC t/a Crozer Health and also t/a Crozer Chester Medical Center*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2023, a true and correct copy of the foregoing **Answer With Affirmative Defenses** was served via the court's electronic filing system upon the following:

*KIRK W. MYLANDER*
*Mylander Law*
*23180 SW Greengate Place*
*Sherwood, OR 97140*
*503-577-1426*
*kirk@mylanderlaw.com*

*EDWARD S. ROBSON*
*ROBSON & ROBSON P.C.*
*2200 RENAISSANCE BOULEVARD*
*SUITE 270*
*KING OF PRUSSIA, PA 19406*
*erobson@robsonlaw.com*

*Andrew Benedict*
*2005 Market Street*
*19th Floor, Suite 1940*
*Philadelphia, PA 19103*
*Abenedict@bbclawfirm.com*

*Suzanne McDonough, Esq.*
*Holsten Associates, P.C.*
*115 North Jackson Street*
*Media, Pennsylvania 19063*
*smcdonough@holstenassoc.com*

By: _____
Andrew J. Bond., Esquire